UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:
Lisa Jean Bunker

CASE NO: 19-52396 K

**Debtor**

# TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

NOW COMES, Mary K. Viegelahn, Chapter 13 Trustee in the above captioned case, and files this Objection to Confirmation of Debtor's Chapter 13 Plan. In support thereof, the Trustee would show the Court the following:

1. On October 01, 2019, the above named Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. The Chapter 13 meeting of creditors pursuant to 11 U.S.C. § 341(a) ("341 meeting") was concluded on **January 22, 2020**.

3. The Trustee asserts that the Debtor's plan provides in section 3 for the property of the estate to vest in the Debtor upon Confirmation of the plan. This honorable Court has previously ruled that all property of the estate shall not vest in the Debtor upon Confirmation. The Trustee submits that the Debtor's plan needs to be amended to state as follows: Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, shall remain property of the estate, and shall remain subject to the automatic stay of §362. In addition the Trustee asserts that the Debtor's plan provides in section 7.1 for attorney fees to be paid according to the Standing Order but also adds the following additional provisions: "$1,100 upon Confirmation: $200 per month". This is not how the Standing Order calls for attorney fees to be paid. Also this additional provision is unclear if the Debtor's attorney is requesting $1,100 per month or $200 per month. Both amounts would make the plan infeasible. The Debtor's plan payment is $877.00 monthly and the monthly mortgage payment is $700.00. The Trustee submits that the Debtor needs to amend the plan to pay pursuant to the Standing Order and remove the additional provisions or the Debtor needs to remove the payment method as Standing Order and check "Other" and amend Debtor's plan to make the additional provision payments clear and feasible.

4. The Trustee asserts that Bexar County has filed a claim for $2,113.82 in the Debtor's plan. The claim is not scheduled in the Debtor's plan. The Trustee submits that the Debtor's plan needs to be amended to provide for the claim of Bexar County. Bexar County has filed an objection to Confirmation in the Debtor's plan.

5. The Trustee asserts that upon information and belief the Debtor testified she has a mesh lawsuit. The lawsuit is not listed on Schedule A/B. The Trustee submits that the Debtor needs to amend Schedule A/B to list the mesh lawsuit and provide any information she has on the lawsuit. The Debtor's plan or the Confirmation Order needs to include language to reserve all issues on the lawsuit as to value, nonexempt assets and disposable income until the lawsuit is settled or the case converts to Chapter 7.

6. The Trustee asserts that the Debtor's Schedule I provides for income from Social Security of $514.00 monthly, Food stamps of $500 monthly and a contribution from partner of $850.00 monthly. The Debtor has not provided any verification of the sources of income as is required by Bankruptcy Rule 4002(b)(2)(A). The Trustee needs the proof of current income to verify the income on Schedule I and determine if the Debtor has proposed all of the monthly income to be paid into the plan. The Trustee submits that pursuant to 11 U.S.C. §1325(b)(1)(B), "the court may not approve a plan unless, as of the effective date of the plan-(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors during the plan." Without the Debtor's proof of income, the Trustee cannot determine if all of the Debtor's projected disposable income is being paid into the plan.

7. The Trustee asserts that the Debtor has provided an affidavit of no filing requirement since 2014 for tax returns. However upon information and belief the Debtor stated at her 341 hearing that she may file this year because of cashing out a 401(k) account. To the extent the Debtor files a tax return in 2019, the Trustee submits that the Debtor needs to provide a copy of the return. The Trustee would also request a recent statement of the Debtor's TIAA Pension account listed on Schedule A/B for $0.00 value. The Trustee questions how the pension account can have $0.00 value. The Trustee would also note the Debtor has not exempted the pension account on Schedule C.

8. The Trustee cannot recommend Confirmation for all the reasons stated above and reserves her right to amend her objection to Confirmation.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee requests that, the Court deny confirmation of the Debtor(s)' Chapter 13 plan as it fails to meet the requirements set forth in 11 U.S.C. §§ 1325(a)(1), (a)(3) and 1325(b)(1)(B),dismiss Debtor(s)' Chapter 13 case; and for such other relief as the Court find just and equitable.

Date: January 28, 2020

/S/
_____
DAVID W. VAN ZYL P39875 (MI)
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE
dvanzyl@sach13.com
10500 Heritage Blvd, Ste. 201
San Antonio, TX 78216
(210) 824-1460 fax:(210) 824-1328

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

IN RE:                                                                                                       CHAPTER 13

**Lisa Jean Bunker**

DEBTOR(S)                                                                     CASE NO.: **19-52396 K**

### CERTIFICATE OF SERVICE
----------------------------------------

I hereby certify that a copy of the attached document was served on the parties listed below by U.S. Mail or served electronically through the Court's ECF System at the e-mail address registered with the Court on **January 28, 2020**.

Debtor(s):

| | | | |
|---|---|---|---|
| Bexar County Tax Assessor Collector<br>233 N Pecos La Trinidad<br>San Antonio, TX 78207 | National Grid<br>300 Erie Blvd West<br>Syracuse, NY 13202 | ECMC<br>P O BOX 16408<br>ST PAUL, MN 55116-0408 | ECMC<br>LOCKBOX #8682<br>P O BOX 16478<br>ST PAUL, MN 55116-0478 |
| Cavalry Investments, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595 | TITLEMAX OF TEXAS INC<br>15 BULL STREET SUITE 200<br>SAVANNAH, GA 31401 | Bexar County<br>c/o Bradley S. Balderrama<br>711 Navarro, Suite 300<br>San Antonio, TX 78205 | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>ATTN: BRADLEY S. BALDERRAMA<br>112 E. PECAN ST. SUITE 2200<br>SAN ANTONIO, TX 78205 |
| ERC/Enhanced Recovery Corp<br>Attn: Bankruptcy<br>8014 Bayberry Road<br>Jacksonville, FL 32256 | CPS Energy<br>CPS Energy - Bankruptcy Section<br>145 Navarro, Mail Drop 110909<br>San Antonio, TX 78205 | DIRECTV, LLC by American InfoSource as agent<br>Po Box 5008<br>Carol Stream, IL 60197-5008 | DIRECTV, LLC by American InfoSource as agent<br>4515 N. Santa Fe Ave.<br>OKlahoma City, OK 73118 |
| Cavalry Investments,LLC as assignee of AMERICREDIT<br>P.O. Box 27288<br>Tempe, AZ 85282 | Credence Resource Management<br>17000 Dallas Parkway<br>Suite 204<br>Dallas, TX 75248 | Caine & Weiner<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd<br>Sherman Oaks, CA 91411 | Cavalry Investments, LLC as assignee of AMERICREDIT<br>Attention: Matthew Oprysk<br>500 Summit Lake Drive, Suite 400<br>Valhalla, NY 10595 |
| Lisa Jean Bunker<br>1215 Pasadena Street<br>San Antonio, TX 78201 | National Grid<br>P.O. Box 11791<br>Newark, NJ 07101 | Poppy LLC<br>718 S. Alamo St.<br>San Antonio, TX 78205 | Nicholas M Wajda<br>Wajda & Associates, APC<br>5430 Lyndon B Johnson Fwy, Ste. 1200<br>Dallas, TX 75206 |
| Wajda & Associates, APC<br>5430 Lyndon B. Johnson Fwy., Ste. 1200<br>Dallas, TX 75206 | Title Max<br>6503 Westminster Ave.<br>Westminster, CA 92683 | | |

/S/
_____
DAVID W. VAN ZYL